UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FELICIA MARIE HALE-JONES,

        Plaintiff,

        v.                        Case No. 22-C-1181

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## DECISION AND ORDER AFFIRMING THE COMMISSIONER'S DECISION

This is an action for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Felicia Marie Hale-Jones' applications for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. For the following reasons, the decision of the Commissioner will be affirmed.

## BACKGROUND

Plaintiff, then 36 years of age, filed an application for disability insurance benefits on September 5, 2019, and an application for supplemental security income on September 26, 2019, alleging disability beginning March 20, 2017. R. 343–44, 410–16. She listed sleep apnea, interstitial lung disease, Achilles tendonitis, and plantar fasciitis as the conditions limiting her ability to work. R. 442. After her applications were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge (ALJ). ALJ Guila Parker conducted a hearing on December 8, 2020. R. 40–80. Plaintiff, who was represented by counsel, and a vocational expert (VE) testified. At the hearing, Plaintiff amended the alleged onset date to April 1, 2019. In a written decision dated January 31, 2021, the ALJ concluded that Plaintiff was

not disabled. R. 170–86. On May 19, 2021, the Appeals Council remanded the matter back to the ALJ for further proceedings. R. 195–96. ALJ Parker held a second administrative hearing on September 1, 2021. R. 81–110. Plaintiff, who was represented by counsel, and a VE testified.

In a 20-page decision dated February 22, 2022, the ALJ found that Plaintiff was not disabled. R. 13–32. The ALJ's decision followed the Social Security Administration's five-step sequential evaluation process for determining whether an individual is disabled. The ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2019, the amended alleged onset date. R. 16. She determined that Plaintiff has the following severe impairments: interstitial lung disease, asthma, obesity, major depressive disorder, generalized anxiety disorder, attention deficit disorder, and post-traumatic stress disorder. *Id.* The ALJ nevertheless concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 18.

After careful consideration of the record, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform sedentary work "except she is precluded from climbing ladders, ropes, and scaffolds. The claimant should not work at unprotected heights or around dangerous moving machinery. She can occasionally climb stairs, stoop, crouch, or crawl. The claimant can tolerate occasional moderate exposure to extreme heat or cold, to wetness and humidity, to noxious odors or gases, to smoke or dust, to chemical fumes, and to similar pulmonary irritants. She can maintain concentration, persistence, and pace sufficient to carry out simple tasks for two-hour intervals over an 8-hour day with routine breaks. The claimant can work in a low stress job, defined as one that requires only occasional work-related decisions and involves only occasional changes in the work setting. She is occasionally able to interact with supervisors, co-

2

workers, and the public." R. 20. The ALJ determined that Plaintiff was unable to perform any past relevant work as a technical support specialist, customer service representative, dump truck driver, insurance inspector, delivery truck driver, pharmacy technician, or delivery freight. R. 30–31. But considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including assembler, inspector, and table worker. R. 31–32. Accordingly, the ALJ concluded Plaintiff has not been under a disability through the date of the decision. R. 32. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Thereafter, Plaintiff commenced this action for judicial review.

## LEGAL STANDARD

The determination of whether a claimant has met her burden of proof in a social security disability case is entrusted to the Commissioner of the Social Security Administration. Judicial review of the decisions of the Commissioner, like judicial review of all administrative agencies, is intended to be deferential. *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010). The Social Security Act specifies that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The substantial evidence test is intended to ensure that the Commissioner's decision has a reasonable evidentiary basis. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("[A] court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938))); *Sanders v. Colvin*, 600 F. App'x 469, 470 (7th Cir. 2015) ("The substantial-evidence standard, however, asks whether the administrative decision is rationally supported, not whether it is correct (in the sense that federal judges would have reached the same conclusions on the same record).").

3

Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the Agency's own rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). It is not the job of a reviewing court to "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

## ANALYSIS

Although Plaintiff's brief to the court summarizes her severe impairments, symptoms, and treatment, she does not present a substantive argument that challenges the ALJ's decision. Instead, she asks that the court consider issuing a fully favorable decision finding that she is disabled. But it is not the role of the court to supplant the ALJ's findings and independently determine whether Plaintiff is disabled or entitled to supplemental security income. The court's function on review is to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. While the court must construe *pro se* filings liberally, *pro se* litigants are not excused from presenting cogent legal arguments "with citations to authority and relevant parts of the record." *Greenwell v. Saul*, 811 F. App'x 368, 370 (7th Cir. 2020). Perfunctory and undeveloped arguments are deemed waived. *See Hall v. Berryhill*, 906 F.3d 640,

4

644 (7th Cir. 2018) (citation omitted).  Plaintiff has not developed any argument that would require

remand in this case and has therefore waived any argument that could have been made.  Despite

Plaintiff's failure to make a concrete argument challenging the ALJ's decision, the court has

undertaken a review of the record and concludes that the ALJ's decision is supported by substantial

evidence.

The ALJ found that Plaintiff's interstitial lung disease, asthma, obesity, major depressive

disorder, generalized anxiety disorder, attention deficit disorder, and post-traumatic stress disorder

were severe impairments but concluded they did not meet or medically equal any listings.  R. 16–

20.  She determined that Plaintiff had the RFC to perform sedentary work with certain restrictions.

R. 20.  In assessing Plaintiff's RFC, the ALJ cited Plaintiff's subjective statements and her reported

function, her activities of daily living, the objective medical findings contained in the medical

record, and the opinions of medical experts.  R. 20–30.  The ALJ provided a thorough and

extensive discussion of the entire record and built a logical bridge from the evidence to her

conclusions.  The ALJ did not commit legal error in this case.

## CONCLUSION

For these reasons, the Commissioner's decision is **AFFIRMED**.  The Clerk is directed to

enter judgment in favor of the Commissioner.

**SO ORDERED** at Green Bay, Wisconsin this 16th day of February, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge